# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS LOPEZ,<br><br>                       Plaintiff,<br>  vs.<br>BANK OF AMERICA, N.A.,<br><br>                       Defendant. | CASE NO. 10cv1859-IEG(JMA)<br><br>Order Denying Request for Temporary Restraining Order |

      Plaintiff Jose Luis Lopez, proceeding *pro se*, has filed a Complaint against Defendant Bank of America, N.A., alleging breach of fiduciary duty, negligence, common law fraud, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and violation of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). Along with his Complaint, Plaintiff filed a petition for temporary injunction [Doc. No. 4][1] as well as a petition for restraining order ("TRO") [Doc. No. 3]. Plaintiff states Defendant Bank of America has scheduled a foreclosure sale for the week of September 15, 2010, and asks the Court to enjoin that sale pending resolution of his claims. Nothing in the record indicates Plaintiff has served Defendant Bank of America with either the Complaint or the motion for temporary restraining order.

      Under Rule 65(b) of Federal Rules of Civil Procedure, the Court may issue a TRO if

---

[1] The first 29 pages of Plaintiff's "petition for temporary injunction" is identical to the first 29 pages of Plaintiff's complaint. Plaintiff's "petition for temporary injunction" is verified.

1  "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable
2  injury, loss, or damage will result to the movant before the adverse party can be heard in
3  opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the
4  reasons why it should not be required."  The purpose of the TRO is "preserving the status quo and
5  preventing irreparable harm just so long as necessary to hold a hearing, and no longer." Granny
6  Goose Foods, Inc. v. Brotherhood of Teamsters Local No. 70, 415 U.S. 423, 439 (1974) (citations
7  omitted). In order to obtain a TRO or a preliminary injunction, the plaintiff must show that he is
8  "likely to prevail on the merits." Ashcroft v. Am. Civil Liberties Union, 542 U.S. 656, 666 (2004).

9  Here, Plaintiff's complaint is primarily a general attack upon the lending practices of
10 Defendant and other lenders over the past ten years.  Plaintiff alleges violation of TILA and
11 RESPA, but does not refer to any particular section of either of those laws.  Plaintiff does not
12 provide copies of any of the loan documents in support of his allegations, and also fails to plead
13 any of his state law claims with sufficient particularity to allow the Court to determine whether he
14 is "likely to prevail on the merits."

15 With regard to RESPA, Plaintiff alleges Defendant "charged fees to Petitioner that were in
16 violation of the limitations imposed by the Real Estate Settlement Procedures Act as said fees
17 were simply contrived and not paid to a third party vendor." [Complaint, Doc. No. 1, p. 14.]
18 However, the remedy for a violation of RESPA is monetary damages and costs, not injunctive
19 relief. Gray v. Central Mortg. Co., 2010 WL 1526451 (N.D. Cal. 2010) (citing 12 U.S.C. § 2605,
20 which provides for the payment of actual damages, costs, and attorneys fees for plaintiffs alleging
21 a violation of that section).  Furthermore, although violations of TILA may justify injunctive
22 relief, Plaintiff in his complaint fails to allege with any particularity what disclosures Defendant
23 was required to but failed to make.

24 Loss of one's home is clearly a serious injury. Kerr v. American Home Mortg. Servicing,
25 Inc., 2010 WL 3154551 (S.D. Cal. 2010).  Nonetheless, Plaintiff is only entitled to a TRO if he
26 shows both a risk of immediate and irreparable injury coupled with some likelihood of success on
27 the merits. Ashcroft, 542 U.S. at 666.  Here, he has not satisfied such showing.  Therefore, the
28 Court DENIES the motion for temporary injunction [Doc. No. 3].

1       Plaintiff is directed to serve the complaint and motion for preliminary injunction on Bank
2 of America pursuant to Rule 4 of the Federal Rules of Civil Procedure. Upon Plaintiff's filing of a
3 proof that such service has been effected, upon written request by Plaintiff, the Court will set a
4 hearing date and briefing schedule with regard to Plaintiff's motion for preliminary injunction
5 [Doc. No. 4.]

6       **IT IS SO ORDERED**.

7 **DATED: September 13, 2010**

8       **IRMA E. GONZALEZ, Chief Judge**
9       **United States District Court**