UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS LOPEZ,<br><br>                       Plaintiff,<br><br>  vs.<br><br>BANK OF AMERICA, N.A.,<br><br>                       Defendant. | CASE NO. 10-CV-1859 - IEG (JMA)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 7] |

     Plaintiff Jose Luis Lopez, proceeding pro se, has filed a Complaint against Defendant Bank of America, N.A., alleging breach of fiduciary duty, negligence, common law fraud, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and violation of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). (Doc. No. 1.) Presently before the Court is a motion to dismiss brought by Defendant Bank of America, N.A. (Doc. No. 7.) For the reasons described herein, the Court **GRANTS** Defendant's motion to dismiss.

## BACKGROUND

     Plaintiff's Complaint is primarily a general attack upon the lending practices of Defendant and other lenders over the past ten years. Plaintiff refers specifically to Defendant, Bank of America, N.A., once, on the first page of his Complaint. See generally Compl. Plaintiff alleges he "entered into a consumer contract for the refinance of a primary residence located at 920

Caleb Court San Diego CA 92514." See Compl. at 1. Loan documents indicate that on November 8, 2006, Plaintiff executed two mortgage loans from lender MortgageIT in the amounts of $380,000 and $95,000. See Def.'s Request for Judicial Notice ("RJN") Exs. A-D.

Plaintiff filed his Complaint on September 7, 2010, along with a request for a temporary restraining order and a motion for a preliminary injunction. (Doc. Nos. 1, 3-4.) On September 13, 2010, the Court denied Plaintiff's request for a temporary restraining order. (Doc. No. 6.) Defendant filed a motion to dismiss on September 29, 2010. (Doc. No. 7.) When Plaintiff did not oppose the motion by October 25, 2010, Defendant filed a reply notifying the Court of Plaintiff's failure to oppose the motion to dismiss. (Doc. No. 8.) On November 2, 2010, the Court vacated the hearing scheduled for November 8, 2010 pursuant to Civil Local Rule 7.1(d)(1) and took the matter under submission. (Doc. No. 9.) The same day, Plaintiff filed a response in opposition to Defendant's motion. (Doc. No. 11.)

## DISCUSSION

### I.     Legal Standard for a Rule 12(b)(6) Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." Twombly, 550 U.S. at 555 (citation omitted). A court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

## II. Analysis

### A. Causes of Action that Derive from the Original Loan Transaction

Plaintiff has not alleged that Defendant Bank of America, N.A. was the originating lender (or participated in any way in the loan transaction) or that Bank of America, N.A. assumed liability for claims arising from the loan transaction. Defendant has submitted documents indicating it was not the originating lender. See Def.'s RJN, Exs. A-D. Because Defendant had no involvement in the origination of the loans, any claims by Plaintiff that arise from the originating loan transaction must fail. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's first, second, fifth and seventh causes of action (breach of fiduciary duty, negligence,[1] violation of the Truth in Lending Act ("TILA"), and violation of the Real Estate Settlement Procedures Act ("RESPA")). The remainder of Plaintiffs causes of action are at least plausibly related to conduct that took place subsequent to that transaction.

### B. Fraud

In his third cause of action, Plaintiff seeks damages for common law fraud. Defendant maintains that this cause of action fails because it is time barred and because Plaintiff has not

---

[1] Plaintiff's negligence claim is entirely derivative of his allegation that Defendant failed to make required disclosures under TILA, RESPA, and HOEPA at the time of the originating loan transaction. Plaintiff also asserts a claim for negligence per se. Negligence per se is the "presumption of negligence arising out of a violation of a statute, ordinance or regulation . . ." Cal. Serv. Station & Auto Repair Ass'n v. Am. Home Assur. Co., 62 Cal. App. 4th 1166, 1171 n.5 and 1178 (Cal. Ct. App. 1998). In California, negligence per se is an evidentiary doctrine, not an independent cause of action. See id.; Quiroz v. Seventh Ave. Center, 140 Cal. App. 4th 1256, 1285-86 (Cal. Ct. App. 2006). Accordingly, Plaintiff's negligence per se allegation fails along with his negligence claim.

alleged facts with the specificity required for a fraud claim.[2] See Def.'s Mot. at 7-9.

To recover for common law fraud under California law, Plaintiff must demonstrate (1) misrepresentation, (2) knowledge of its falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damages. Lazar v. Super. Ct., 12 Cal. 4th 631, 638 (Cal. 1996). Moreover, Rule 9(b) of the Federal Rules of Civil Procedure requires allegations of fraud to be state with particularity. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake"). In the Ninth Circuit, this rule has been interpreted as requiring the plaintiff to allege "the who, what, when, where, and how" of the misconduct charged. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Bly-Magee, 236 F.3d 1014, 1019 (9th Cir. 2001)). "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." Vess, 317 F.3d at 1106 (quoting Decker v. GlenFed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994)). Specifically, a complaint "must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." In re GlenFed, Inc. Securities Litigation, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc).

In this case, Plaintiff's Complaint does not contain any allegations specifically directed to Defendant, let alone allegations regarding the names of individuals with whom he spoke, when and where such discussions to place, or the content of such discussions. Thus, Plaintiff fails to satisfy the pleading requirements of Rule 9(b), and the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's fraud claim.

**C.     Implied Covenant of Good Faith and Fair Dealing**

In his fourth cause of action, Plaintiff seeks damages for breach of the implied covenant of good faith and fair dealing. Defendant maintains that this cause of action fails because Plaintiff

---

[2] The Court does not need to decide whether this cause of action is time barred because it determines that Plaintiff's claim lacks merit. Moreover, in arguing that this cause of action is time barred, Defendant assumes Plaintiff's allegations are directed exclusively at the originating loan transaction. As discussed above, for purposes of this order, the Court assumes Plaintiff's allegations are directed at subsequent events.

has not alleged facts constituting a claim and, more specifically, because Defendant does not have a special relationship with Plaintiff with fiduciary characteristics. See Def.'s Mot. at 9-10.

The implied covenant of good faith and fair dealing exists in every contract and "is aimed at making effective the agreement's promises." Kransco v. Am. Empire Surplus Lines Ins. Co., 23 Cal.4th 390, 400 (Cal. 2000) (internal quotation marks and citations omitted). "Broadly stated, that covenant requires that neither party do anything which will deprive the other of the benefits of the agreement." Freeman & Mills, Inc. v. Belcher Oil Co., 11 Cal.4th 85, 91 (Cal. 1995) (internal quotation marks and citation omitted). However, the implied covenant "does not extend beyond the terms of the contract at issue." Poway Royal Mobilehome Owners Ass'n v. City of Poway, 149 Cal. App.4th 1460, 1477 (Cal. Ct. App. 2007) (citation omitted).

In this case, as discussed above, Plaintiff does not allege Defendant was a party to the originating loan transaction. Plaintiff fails to identify any contractual obligations owed by Defendant, let alone how Defendant violated such obligations. Therefore, Plaintiff's allegations fall far short of specific facts sufficient to "raise [his] right to relief above the speculative level." Twombly, 550 U.S. at 555. The Court is not bound to accept as true legal conclusions couched as a factual allegations. Iqbal, 129 S. Ct. at 1949-50. Accordingly, because Plaintiff's allegations fail to state a viable claim, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's fourth cause of action.

### D.     Intentional Infliction of Emotional Distress

Last, in his sixth cause of action, Plaintiff seeks damages for intentional infliction of emotional distress. Defendant maintains this cause of action is time barred and that Plaintiff has not alleged facts supporting a claim for intentional infliction of emotional distress.[3] See Def.'s Mot. at 14-16.

The elements of a prima facie case for the tort of intentional infliction of emotional distress are: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or

---

[3] For the reasons stated in n.2 above, the Court does not need to decide whether this cause of action is time barred.

1  extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the
2  defendant's outrageous conduct. <u>Ross v. Creel Printing & Publishing Co.</u>, 100 Cal. App.4th 736,
3  744-45 (Cal. Ct. App. 2002).  To support an intentional infliction of emotional distress claim, "[i]t
4  is not enough that the conduct be intentional and outrageous.  It must be conduct directed at the
5  plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware.  <u>Christensen v.</u>
6  <u>Superior Court</u>, 54 Cal.3d 868, 903 (Cal. 1991).

7       In this case, even if Defendant were deemed to have engaged in intentional and outrageous
8  conduct, Plaintiff's Complaint does not contain any allegations indicating that Defendant directed
9  its conduct to Plaintiff.  Plaintiff does not allege any specific facts sufficient to "raise [his] right to
10 relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555.  Accordingly, because Plaintiff's
11 allegations fall short, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's sixth cause of
12 action.
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## CONCLUSION

Loss of one's home is clearly a serious injury. <u>Kerr v. American Home Mortg. Servicing, Inc.</u>, 2010 WL 3154551 (S.D.Cal. 2010). Nonetheless, the allegations in Plaintiff's Complaint do not state a viable claim on any of the causes of actions Plaintiff has asserted. Accordingly, the Court **GRANTS** Defendant's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** each of Plaintiff's claims.

If Plaintiff wishes to file an amended complaint, he should do so **within 21 days** of the filing of this order. The amended complaint should only make the revisions discussed above, should be a complete document without reference to any prior pleading, and should not add any new causes of action.

**IT IS SO ORDERED.**

**DATED: December 15, 2010**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**